**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) JOHNNIE YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIV-21-161-R |
| **vs.** | ) | |
| | ) | **COMPLAINT** |
| **(1) NCB MANAGEMENT SERVICES, INC.,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, Johnnie Young, and for his Complaint against Defendant, NCB Management Services, Inc., alleges as follows:

**<u>INTRODUCTION</u>**

1.     Plaintiff states a claim against NCB Management Services, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2.     Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  **Available non-abusive collection methods**

COMPLAINT                                                                                                    1

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy. Jurisdiction over Plaintiff's common law claims is pursuant to 28 U.S.C. § 1367(a) as such claims form part of the same case or controversy.

4.      Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person who resides in Oklahoma County, Oklahoma.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Trevose, Pennsylvania.

10.    Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.  Defendant also uses the Oklahoma court system and has filed *hundreds* of lawsuits against consumers living in Oklahoma.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.    On or around June 1, 2020, Defendant began placing calls to Plaintiff attempting to collect on a defaulted, consumer debt originally owed to Republic Bank & Trust Co., but which Defendant claimed it was now the current owner.

13.    During each of the calls, NCB would state that the call was being recorded.

14.    During several calls, Plaintiff advised that he disagreed with the debt sought by Defendant, and Defendant reported to Plaintiff's credit reports that the debt was disputed.

15.    On or around December 1, 2020, Plaintiff told Defendant that Defendant was calling him during working hours and this was not a convenient time for Plaintiff to receive Defendant's calls.  During this call, Defendant stated that the call was "on a recorded line."

16.    On February 12, 2021, Defendant called Plaintiff again during his working hours, at 3:18 P.M.  Plaintiff again advised Defendant that Defendant was calling him during his working and such time was inconvenient for Plaintiff. Plaintiff told Defendant his working hours, and again asked Defendant not to call him during that time. During this call, Plaintiff also advised Defendant that his employer did not allow Plaintiff to receive such calls. Instead of apologizing and quickly

disconnecting the call, Defendant's representative pressed on and told Plaintiff, "this won't take long" and continued to communicate with Plaintiff regarding collection of the debt.

17.     On February 16, 2021, at 11:06 A.M. Defendant called Plaintiff again seeking to collect the debt.  Plaintiff again told Defendant that he could not receive such calls during working hours.

18.     Ignoring Plaintiff's requests, on February 17, 2021, at 11:06 Defendant again called Plaintiff seeking to collect the debt.

19.     Pursuant to 15 U.S.C. §1692c(a)(1), a debt collector may not communicate with a consumer at any time or place known to be inconvenient to the consumer and may also not communicate with a consumer at his place of employement if the debt collector is aware or has reason to be aware that the consumer's employer does not allow such calls. Specifically, this §1692c(a)(1) states:

> (a) **Communication with the consumer generally**
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…
>
> ***
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

20.      Defendant has called Plaintiff at least 65 times since he initially told Defendant not to call him while he was working, December 1, 2020, with the majority, if not all, of those calls made to Plaintiff during his working hours.

21.      Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, decreased ability to focus on tasks while at work, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

22.      Defendant violated §1692c(a)(1) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at a time and place known by Defendant to be inconvenient to Plaintiff.

23.      Defendant violated §1692c(a)(3) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at Plaintiff's employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

24.      Defendant violated §1692e and §1692e(1) by falsely representing that Defendant was recording its calls with Plaintiff as a method to intimidate Plaintiff to pay the alleged debt.

## COUNT II
## INVASION OF PRIVACY

25.      Plaintiff is entitled to recover damages for the Oklahoma common law claim of invasion of privacy.  Defendant's numerous calls to Plaintiff directly after it was aware that he was at work represented an invasion of his privacy as it was an intrusion upon his seclusion.

26.      Such inclusion was intentional (or was with reckless disregard), was without

Plaintiff's consent, and would be considered highly offensive to a reasonable person.

27.     Plaintiff is entitled to recover damages in an amount exceeding $10,000.00 for his common law invasion of privacy claim.

**WHEREFORE**, Plaintiff, Johnnie Young, respectfully prays that judgment be entered against Defendant, NCB Management Services, Inc., for the following:

a)      Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)      Damages for Plaintiff's common law invasion of privacy claim;

d)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

e)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

1202 E. 33rd St.
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
7561@paramount-law.net